**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Bruce Corey, | ) | CASE NO. 1:15 CV 1736 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sedgwick Claims Management | ) | **Memorandum of Opinion and Order** |
| Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Limited Discovery (Doc. 16). This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. For the following reasons, plaintiff's motion is DENIED.

**FACTS**

The following facts are taken from plaintiff's Amended Complaint. Plaintiff, Bruce Corey, brings this action against defendants Sedgwick Claims Management Services ("Sedgwick"), Eaton Corporation ("Eaton"), Eaton Corporation Disability Plan for U.S.

1

Employees (the "Plan"), and Eaton Health and Welfare Administrative Committee (the "Administrative Committee" or the "Committee"). Plaintiff was a machine operator at Eaton until February 7, 2014. As an employee, he was a participant in the Plan, which Sedgwick administers.

Plaintiff alleges that he became disabled on February 7, 2014, due to multiple medical conditions. He began receiving short term disability benefits under the Plan from February 10, 2014 through March 15, 2014. He was again approved for short term disability benefits for a period beginning April 28, 2014 through May 6, 2014. Thereafter, defendants terminated plaintiff's short term disability benefits. Plaintiff claims that he requested a long term disability application on October 23, 2014, but defendants refused to provide one to him.

Plaintiff appealed the denial of his benefits, and defendants issued a final denial of his short term disability benefits on September 26, 2014, effectively denying him long term disability benefits as well. Plaintiff asserts that he and his physicians provided medical documentation to defendants proving that he is disabled. He alleges that defendants arbitrarily and in bad faith "failed and refused to properly and adequately review [his] medical information, ... refused to revise [their] determination that [he] is not entitled to short term disability benefits, and [have] failed and refused to reinstate [his] benefits." Am. Compl. ¶ 31. Plaintiff also alleges defendants operate under a conflict of interest because "defendants are both the entity that makes disability determinations and ... the entity responsible for paying the disability benefits." *Id.* at ¶ 40. Thus, according to plaintiff, defendants have a financial incentive to find him not disabled. *Id.* at ¶ 41.

Plaintiff brings five claims in his Amended Complaint: wrongful termination of short

term disability benefits; denial of long term disability benefits; breach of fiduciary duty; interference with extended long term disability benefits; and denial of due process. He now moves to permit discovery on his conflict of interest allegation and his due process claim. Defendants oppose the motion.

**LAW AND ANALYSIS**

Discovery in ERISA cases is the exception rather than the rule. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring). This is because a district court is limited to the administrative record when reviewing the merits of a denial of benefits. *Id.* at 615. Discovery beyond the record is warranted only in the limited circumstances where it is sought to "support ... a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* at 619 (Gilman, J., concurring). *See also Johnson v. Connecticut Gen. Life Ins. Co.,* 324 Fed. Appx. 459, 466 (6th Cir. 2009).

In 2008, in *Metropolitan Life Insurance Co. v. Glenn*, the Supreme Court held that an inherent conflict of interest exists when the insurance company that is responsible for paying ERISA benefits out of its own pocket is also the plan administrator that determines eligibility for benefits. 554 U.S. 105, 108 (2008). A court must consider such a conflict in determining whether the plan administrator abused its discretion in denying benefits; however, "conflicts are but one factor among many that a reviewing judge must take into account." *Id.* at 116. On the issue of discovery relating to a conflict of interest, the Court noted that it is not "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id.*

Following *Glenn*, the Sixth Circuit has refused to create a specific rule about the threshold evidentiary showing of bias required before discovery will be permitted in ERISA cases. *Johnson v. Conn. Gen. Life Ins. Co.*, 324 Fed. Appx. 459, 466 (6th Cir. 2009). The *Johnson* court explained, however, that this "does not mean...that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Id.* at 467.

Since *Johnson*, district courts in the Sixth Circuit have taken different approaches to discovery in ERISA cases. Some courts–the ones on which plaintiff relies–have held that discovery into defendant's potential bias is permitted based solely on the plaintiff's allegation that a conflict of interest exists. *See, e.g., Clark v. Am. Elec. Power Sys., Long Term Disability Plan*, 871 F. Supp. 2d 655, 660 (W.D. Ky. 2012) ("Where an administrator both evaluates and pays claims, this alone is a sufficient basis for authorizing discovery to explore the potential bias.") Other courts, including this one, have required more than a mere allegation of bias before allowing discovery. *See Donovan v. Hartford Life & Accident Ins. Co.*, No. 1:10 CV 2627, 2011 WL 1344252, at *2 (N.D. Ohio Apr. 8, 2011) (Gaughan, J.).

In its most recent case addressing the discovery issue, the Sixth Circuit gave this Court no reason to deviate from its conclusion in *Donovan* that more than an allegation of bias is required before the plaintiff should be permitted to go on a discovery "fishing expedition":

> Where a plaintiff has laid a factual foundation to support a claim for lack of due process or bias, his right to discovery must be balanced against the need to prevent fishing expeditions. Here, the district court's review is limited to the administrative record absent *evidence* to support a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.

*Pearce v. Chrysler Group, L.L.C. Pension Plan*, 615 Fed. Appx. 342, 350 (6th Cir. 2015)

4

(internal quotations and citations omitted) (emphasis in original). The court also reiterated that "[t]he scope of discovery is, of course, within the broad discretion of the trial court." *Id. Pearce*'s reference to a factual foundation and emphasis that a district court's review is limited to the administrative record absent "evidence" to support a procedural challenge indicate that a plaintiff must do more than merely allege the existence of a conflict before the court "throw[s] open the doors of discovery." *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007) (citations omitted).

Plaintiff argues that he is entitled to discovery because the denial of his short term disability benefits is on Eaton Corporation stationary, but was executed by the Administrative Committee "and purports to rely on a decision or review of the file performed by Sedgwick." Pl.'s Br. at 2 ("The difference between the Committee and Eaton itself is blurred in the final letter, as is the role of Sedgwick in authoring the previous denials."). He further states that Sedgwick had a doctor review his file, and it is unclear whether the review referenced in the Committee's final denial is the same as the review requested by Sedgwick. *Id.* ("Issues abound concerning whether a secretive medical review occurred and was not submitted to [plaintiff]."). He also claims that "it is unclear from a review of the plan documents and Administrative Record who actually made the final denial decision, under what authority and based on what evidence" or if defendants followed Plan protocol for allowing him to bring his long term disability claim. *Id.* Finally, in his reply brief, plaintiff notes that portions of the Administrative Record are redacted as "Restricted Proprietary Information."

Upon review, the Court finds that plaintiff has offered no evidence to suggest that the Plan's decision was the result of bias, conflict, or procedural irregularity such that discovery is

warranted in this case. First, nothing in the final denial letter suggests that defendants' actions were based on any irregularities. The fact that the Committee's final determination letter is on Eaton stationary is simply not enough to warrant discovery. There is no reason to think that the Committee–which is comprised of Eaton employees–acted out of bias merely because it sent the denial letter on Eaton letterhead. Nor does the letter indicate that the denial is based on Sedgwick's review of the file. The letter does not mention Sedgwick and states that the final review was made without any deference to prior denial decisions and by people who were not involved in prior decisions.

The letter is also clear as to who made the final decision to deny plaintiff benefits. It states that it is from "The Eaton Corporation Health and Welfare Committee (the 'Plan Administrator')" and that "the Administrator must deny this Appeal." It is signed by Douglas Grossman-McKee "On Behalf of the Eaton Corporation Disability Plan for U.S. Employees and the Eaton Corporation Health and Welfare Administration." The letter also identifies what evidence the Committee relied on in making the determination to deny benefits, and that evidence is a part of the Administrative Record. Defendants acknowledge that the initial Administrative Record that they gave plaintiff inadvertently omitted the medical review report referenced in the final denial letter. But once plaintiff made defendants aware of this omission, they provided plaintiff and the Court with a copy of the medical review. Plaintiff has produced no evidence that indicates defendants deliberately withheld this or any other medical review. To the contrary, the denial letter specifically references the review. And, as defendants note, it would have been to their detriment–not plaintiff's–if the letter were not included in the administrative record.

Next, plaintiff's argument that the corporate structure between Eaton, the Committee, and Sedgwick is unclear is also unpersuasive. Defendants' corporate disclosure statement explains that "the Plan is a welfare benefit plan sponsored by Eaton Corporation, and the Committee is the Plan Administrator and comprised of employees of Eaton Corporation, [which is]... an indirect subsidiary of Eaton Corporation plc." Further, defendants' Answer to the Amended Complaint states that "Sedgwick is a third party engaged by the Plan to provide claims administration services [for the Plan]." (Answer to Am. Compl.¶ 4). The Plan's summary plan description explains that Sedgwick makes the initial benefit determination and processes the first level appeal. Long Term SPD at 14-15; Short Term SPD at 8-9. The Committee makes all final benefit determinations on a de novo basis. Long Term SPD at 17; Short Term SPD at 10. Plaintiff has produced no evidence to suggest that defendants are misstating the relationship between them; therefore, discovery is not necessary on this issue.

With respect to whether defendants followed Plan procedures in allowing him to bring his long term disability claim, no discovery is necessary because the Plan documents define all Plan procedures. Plaintiff can rely on the evidence in the Administrative Record to support this claim.

Finally, plaintiff asserts that discovery is necessary because defendants have redacted several pages of the Administrative Record and marked them as "proprietary information." Plaintiff's argument that this redaction shows that defendants acted out of bias or procedural irregularity is based on mere conjecture, which is insufficient to warrant discovery.

**CONCLUSION**

Plaintiff has not provided facts that show he has a colorable procedural or bias claim such

that he is entitled to discovery in this ERISA case. *See Johnson,* 324 Fed. Appx. at 467 ("District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*."). Thus, his Motion to Permit Discovery is DENIED.

    IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 12/17/15