UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bruce Corey, | ) | CASE NO. 1:15 CV 1736 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sedgwick Claims Management | ) | **Memorandum of Opinion and Order** |
| Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 22). This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. For the following reasons, defendants' motion is GRANTED.

**FACTS**

The following facts are taken from plaintiff's Amended Complaint. Plaintiff, Bruce Corey, brings this action against defendants Sedgwick Claims Management Services ("Sedgwick"), Eaton Corporation ("Eaton"), Eaton Corporation Disability Plan for U.S.

1

Employees (the "Plan"), and Eaton Health and Welfare Administrative Committee (the "Benefits Committee" or the "Committee"). Plaintiff was a machine operator at Eaton from July 20, 1987 until February 7, 2014. As an employee, Plaintiff was a participant in the Plan, which offers short and long term disability benefits. Sedgwick is an insurance company that is the third party administrator for both short term disability and long term disability insurance claims under the Plan. (Am. Compl. ¶ 4). The Benefits Committee is the Plan Administrator. (Defs.' Br., Ex. A-3, at 13; Ex. A-2, at 21).

Plaintiff alleges that he became permanently and totally disabled on February 7, 2014, due to multiple medical conditions. He began receiving short term disability benefits under the Plan from February 10, 2014 through March 15, 2014. He was again approved for short term disability benefits for a period beginning April 28, 2014 through May 6, 2014. Thereafter, defendants terminated plaintiff's short term disability benefits. (Am. Comp. ¶¶15-18).

Plaintiff appealed the denial of his benefits, and defendants issued a final denial of his short term disability benefits on September 26, 2014, "effectively denying him long term disability benefits" as well. (*Id.* ¶ 22). Plaintiff claims that he requested a long term disability application on October 23, 2014, but defendants refused to provide one to him. (*Id.* ¶ 24).

Plaintiff asserts that he and his physicians provided medical documentation to defendants proving that he is disabled. (*Id.* ¶ 29). He alleges that defendants arbitrarily and in bad faith "failed and refused to properly and adequately review [his] medical information, ... refused to revise [their] determination that [he] is not entitled to short term disability benefits, and [have] failed and refused to reinstate [his] benefits." (*Id.* ¶ 31).

Plaintiff brings five claims in his Amended Complaint against all defendants: wrongful

2

termination of short term disability benefits; denial of long term disability benefits; breach of fiduciary duty; interference with extended long term disability benefits; and denial of due process. Defendants now move to dismiss Counts III, IV and V of Plaintiff's Amended Complaint in their entirety for failure to state a claim. Further, Defendants Eaton and Sedgwick move to dismiss Counts I and II against them for failure to state a claim. Plaintiff opposes the motion.

### **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District*, 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

3

will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009).

### LAW AND ANALYSIS

**1.     Counts I and II**

In Counts I and II, plaintiff brings claims for wrongful denial of short and long term disability benefits against all defendants. In their motion, defendants argue that Eaton and Sedgwick are not proper defendants to these claims because only the Plan Administrator, which is the Benefits Committee, has authority over final benefit claims determinations.

Under ERISA, a person or entity is a fiduciary only with respect to those aspects of the plan over which he or she exercises authority or control. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). Thus, an entity "who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims" and is, therefore, not a proper defendant to such a claim. *Id.* Moreover, the proper inquiry in determining which party is a proper defendant to a particular ERISA claim is not whether the entity was acting as a

fiduciary in general, but whether it was "acting as a fiduciary *when taking the action subject to complaint*." *Cultrona v. Nationwide Life Ins. Co.*, 936 F. Supp. 2d 832, 857 (N.D. Ohio 2013) (emphasis added) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)).

For example, in *Briscoe v. Fine,* the Sixth Circuit held that a third-party administrator was not a fiduciary to a denial of benefits claim even though it had the power to determine eligibility for benefits (as well as perform other ministerial acts) because the employer retained the final authority to determine if a claim should be paid and was the entity to which dissatisfied employees were instructed to direct their appeal. 444 F.3d 478, 489 (6th Cir.2006); *see also Cultrona*, 936 F. Supp. 2d at 857 (holding that third-party administrator who processed claim and denied payment of benefit under terms of the plan was not a fiduciary because review of plaintiff's appeal was processed by a benefits administrative committee).

Here, the action giving rise to Counts I and II is the denial of plaintiff's short and long term disability benefits. Thus, the question is whether Eaton and Sedgwick acted as fiduciaries with respect to that action. The Plan establishes that the Plan Administrator has the ultimate authority to make final benefit determinations. Specifically, the summary plan descriptions for both the short and long term disability plans state that "[t]he *Plan Administrator* will make its determination upon review of your appeal." (Def.s' Br., Exhibit A-2, at 16; Exhibit A-3, at 9) (emphasis added). Further, both summary plan descriptions designate the Benefits Committee—not Eaton or Sedgwick—as the Plan Administrator.[1] (Defs.' Br., Ex. A-3, at 13; Ex. A-2, at 21).

---

[1] The Plan document identifies Eaton as the Plan Administrator, but Section 1.1 of that document states that "[i]n the event that a provision of [the summary plan description] conflicts with a provision of this document, the provision of the [summary plan description] shall govern." (Defs.' Br., Ex. A-1, at 1).

5

Plaintiff does not dispute that an entity is only a proper defendant to a denial of benefits claim if it has authority or control over the decision to deny benefits. He maintains, however, that Eaton and Sedgwick are proper defendants on Counts I and II because: (1) it is difficult to determine which defendant was responsible for denying his short term disability benefit claim without reviewing the administrative record, which is impermissible on a motion to dismiss; (2) Eaton is responsible for creating the short and long term disability plans in this case and is therefore responsible for the breach of fiduciary duties to plaintiff; and (3) Sedgwick was delegated the authority to administer the plans.

Plaintiff's arguments are not well taken. First, a court may consider ERISA plan documents on a motion to dismiss when a claim is "based on rights under the plans which are controlled by the plans' provision as described in the plans' documents" and where the plans are central to the plaintiff's claims. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Here, plaintiff's claims are expressly based on his rights under the Plan, which consist of the Plan document and the short and long term summary plan descriptions. Thus, the Court may review these documents in ruling on defendants' motion to dismiss. Plaintiff has cited to nothing in them that would support the claim that Eaton and Sedgwick had authority or control over the final decision to deny him benefits.

Plaintiff argues in his brief in opposition that the final decision to deny benefits was issued on Eaton letterhead, which indicates that Eaton is "factually indistinguishable" from the Benefits Committee. But he does not include such an allegation in his Amended Complaint, and the Court may not consider this fact in addressing defendants' motion to dismiss. Moreover, he points to no other allegation in the Amended Complaint from which a reasonable inference can

be drawn that Eaton had control or authority over the final decision to deny his benefits.

Plaintiff's second argument is essentially that, as plan sponsor, Eaton is a proper defendant to his denial of benefits claims. But plaintiff has cited no authority that would support the proposition that an entity is a proper defendant to a denial of benefits claim merely because of its status as a plan sponsor. Nor has he explained how Eaton, in its role as plan sponsor, exercised control or authority over the decision to deny him benefits. *See, e.g., Keger v. Envtl. Sys. Products, Inc.*, 2013 WL 1343526, at *4 (N.D. Ohio Mar. 28, 2013) ("Even though Defendant Environmental Systems may be the plan sponsor, merely offering the Supplemental Policy to its employees does not make Defendant Environmental Systems a fiduciary.").

Finally, while Sedgwick had the authority to make a first and second-level determination on plaintiff's claim, the Benefits Committee was the entity to which plaintiff appealed Sedgwick's denial and was the entity that retained final authority to determine if a claim should be paid. Further, even assuming Sedgwick was the party that refused to give plaintiff the long term disability application, this would not show that Sedgwick had control or authority over the final benefits determination. Thus, under *Briscoe*, Sedgwick is not a fiduciary with respect to plaintiff's denial of benefits claims.

For these reasons, Eaton and Sedgwick are not proper defendants on plaintiff's denial of benefits claims, and Counts I and II are dismissed as against them.

**2. Count III**

Plaintiff brings a claim for breach of fiduciary duty in Count III. Though the Complaint does not specify the basis of this claim, he clarifies in his opposition brief that the claim is "for a breach of fiduciary duty in not allowing plaintiff access to proceed with his Long Term

7

Disability application—win or lose."

It is well settled by the Sixth Circuit that a plaintiff cannot bring a breach of fiduciary duty claim under the "safety net" or "catch-all" provision of 29 U.S.C. § 1132(a)(3) when seeking relief for the same injury in a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B). *Wilkins v. Baptist Healthcare Sys, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (en banc). As the Supreme Court explained in *Varity Corp. v. Howe*, the "catch-all" provisions of 29 U.S.C. § 1132(a)(3) are available only when the plaintiff's injury cannot be redressed via the other remedies of § 1132. 516 U.S. 489, 512 (1996); s*ee also Rochow,* 780 F.3d at 373 ("A claimant can pursue a breach-of-fiduciary-duty claim under § 1132 (a)(3), irrespective of the degree of success obtained on a claim for recovery of benefits under § 1132 (a)(1)(B), only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate.").

Here, plaintiff claims that defendants' failure to provide him with the long term disability application is a separate injury from defendants' decision to deny him benefits because the "denial of LTD benefits never ripened as Defendants did not allow Plaintiff to submit an application, despite time limits as to when he could file." In support of his argument that he can maintain both claims, he cites *Hill v. Blue Cross & Blue Shield,* 409 F.3d 710 (6th Cir. 2005). In *Hill,* beneficiaries of an employer-sponsored health insurance program filed a class action complaint against a third-party administrator alleging that the administrator's handling of medical expense claims resulted in both a wrongful denial of their benefits and a breach of fiduciary duty. The court allowed the plaintiffs to bring both claims because "[i]n this case, an

8

award of benefits to a particular Program participant … will not change the fact that BCBSM is using an allegedly improper methodology for handling all of the Program's emergency-medical-treatment claims. Only injunctive relief of the type available under § 1132(a)(3) will provide the complete relief sought by Plaintiffs requiring BCBSM to alter the manner in which it administers all the Program's claims for emergency-medical-treatment expenses." 409 F.3d at 718.

The limited exception in *Hill* is inapplicable in this case because plaintiff is not pursuing injunctive relief for systemic plan-wide problems that pose a potential for future injury. In his prayer for relief, plaintiff asks only that the court "[g]rant all Short Term disability and Long Term Disability benefits and related restitution to Plaintiff as a result of this denial of his short term disability benefits and Defendants [*sic*] refusal to allow Plaintiff to file for long term disability benefits." (Am. Compl. ¶ 28). In other words, plaintiff claims that defendants' failure to provide him with the long term disability application led to the denial of such benefits, and his breach of fiduciary duty claim seeks redress for that injury. Thus, Count III aims to redress the same injury as Counts I and II--the denial of benefits.

Plaintiff asserts in his opposition brief that he should be permitted to plead his breach of fiduciary duty claim in the alternative because defendants "can claim that Mr. Corey is precluded from pursuing a long term disability claim denial in Court due to a failure to exhaust his administrative remedies." He cites no authority, however, that would allow him to plead a breach of fiduciary duty claim in the alternative should his denial of benefits claim fail even though both claims seek relief for the same injury. And, as defendants note, nothing precludes plaintiff from arguing that his failure to exhaust should be excused because exhaustion would have been futile.

For these reasons, Count III is dismissed.

9

### 3. Count IV

Count IV of plaintiff's amended complaint alleges that Defendants purposely interfered with plaintiff's employment in violation of 29 U.S.C. § 1140 by refusing him access to the long term disability application. Section 1140 states that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." Congress's purpose in enacting §1140 was to "protect the employment relationship that gives rise to an individual's pension rights." *West v. Butler*, 621 F. 2d 240, 245 (6th Cir. 1980). Thus, for conduct to violate §1140, it "must affect the individual's employment relationship in some substantial way." *Id.* at 245–46. To state a §1140 claim for interference, as plaintiff alleges here, "an employee must [allege] that the employer engaged in prohibited conduct for the purpose of interfering with the employee's attainment of any right to which he may become entitled under an ERISA-protected plan." *Roush v. Weastec, Inc.,* 96 F.3d 840, 845 (6th Cir.1996).

Defendants argue that plaintiff's interference claim should be dismissed because he has not alleged any adverse employment action. The Court agrees. Plaintiff has not alleged that defendants' "discharge[d], fine[d], suspend[ed], expel[led], discipline[d], or discriminate[d]" against him or took any other conduct against him that affected his *employment relationship* in some substantial way. Even assuming that defendants wrongfully refused him access to a long term disability application, plaintiff has cited no authority that such an action supports an independent claim for relief under §1140 in addition to his wrongful denial of benefits claim.

10

For these reasons, Count IV is dismissed.

**4. Count V**

Finally, plaintiff alleges a due process violation in Count V. He clarifies in his brief in opposition that this claim "involves procedural due process under Defendants' disability claims, not governmental due process under 42 U.S.C. 1983." Specifically, he maintains that defendants violated his procedural due process rights by failing to provide him with the long term disability application.

Plaintiff has cited no authority that would allow him to bring an independent due process claim in addition to his denial of benefits claim.[2] Similar to his breach of fiduciary duty claim, this claim is foreclosed by *Varity* and the Sixth Circuit cases applying *Varity*. Like the fiduciary duty claim, plaintiff's due process claim relates to his denial of benefits and seeks the same remedy as his claim under Counts I and II. As such, he may not maintain a separate claim for an injury that is redressable under 29 U.S.C. § 1132(a)(1)(B). *See Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, at *6-7 (W.D. Mich. Feb. 13, 2009) (dismissing ERISA beneficiary's procedural due process claim because plaintiff failed to show how success on her § 1132(a)(1)(B) would not adequately remedy the defendant's alleged wrongs). Defendants' alleged procedural irregularity in handling plaintiff's request for a long term benefits application is a factor that the Court will consider when it addresses plaintiff's denial of benefits claim.

For these reasons, Count V is dismissed.

---

[2] Plaintiff relies on a headnote in *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 610 (6th Cir. 1998), for the proposition that he may bring a separate procedural due process claim. (Pl.'s Br. at 10-11). *Wilkins*, however, addressed an exception to the general rule prohibiting discovery in an ERISA case for an alleged lack of due process. It did not address whether an ERISA plaintiff can bring an independent due process violation claim.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 22) is GRANTED.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 2/29/16