**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bruce Corey,** | ) | **CASE NO. 1:15 CV 1736** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sedgwick Claims Management** | ) | **Memorandum of Opinion and Order** |
| **Services, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed suit against Defendants under the Employee Retirement Security Act of 1974 ("ERISA"), claiming that they wrongfully terminated his disability benefits. This Court originally found in favor of Defendants. On appeal, the Sixth Circuit held that Defendants' denial was arbitrary and capricious because it did not adequately explain why Plaintiff's medications and treatment plans failed to satisfy the plan's requirement for objective findings of a disability. It ordered that the case be remanded to the administrator for a "full and fair review" consistent with its opinion. *Corey v. Sedgwick Claims Mgt. Servs., Inc.*, 858 F.3d 1024 (6th Cir. 2017). Now pending before the Court are Plaintiff's Motion for Attorney Fees (Doc. 54), which Defendants oppose, and Defendants' Motion to Strike Plaintiff's Notice of Supplemental

1

Authority (Doc. 58), which Plaintiff has not opposed. For the reasons that follow, both motions are GRANTED.

In an ERISA action to recover benefits, "the court in its discretion may allow a reasonable attorney's fee...to either party." 29 U.S.C. § 1132(g)(1). To receive fees, a party must have "achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010). The court then considers five factors to determine if an award is warranted:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*McKay v. Reliance Standard Life Ins. Co.*, 428 Fed. Appx. 537, 546 (6th Cir. 2011).

By achieving a remand, Plaintiff has demonstrated a sufficient degree of success on the merits to warrant consideration of attorney fees. *Id.* at 546-47 (holding that plaintiff achieved some degree of success by persuading the court to remand to the administrator).

Given the Sixth Circuit's analysis, the Court finds that the first factor weighs slightly in favor of granting fees. There is no evidence of bad faith in this case. However, the Sixth Circuit held that the plan's definition of "objective findings" was clear and unambiguous and that Defendants' interpretation of the term was unsupported by the plan's terms. *Corey*, 858 F.3d at 1028. It also held that Defendants' denial letters never explained why Plaintiff's medications and treatment plans did not satisfy the plan's definition of objective findings. This failure shows some degree of culpability. But, in light of multiple physicians' conclusions that the record was devoid of any physical or neurological abnormalities and that Plaintiff's headaches did not render him unable to perform his job, Defendants did not act with a high degree of culpability.

2

The second factor favors Plaintiff because Defendants do not dispute that they are able to satisfy a fee award.

The Sixth Circuit's decision to remand, along with a fee award, will provide "a deterrent effect for plan administrators to avoid failing to provide the necessary full and fair review." *McKay*, 428 Fed. Appx. at 546. The third factor thus weighs in favor of an award, although only slightly because this factor "is likely to have more significance in a case where the defendant is highly culpable." *Foltice v. Guardsman Prods., Inc.*, 98 F.2d 993, 997 (6th Cir. 1996).

The fourth factor weighs against a fee award because Plaintiff admits that he seeks benefits only for himself, and he has provided no evidence that he brought this case to resolve any significant legal issues. *See Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 378 (6th Cir. 2009); *Moon v. Unum Provident Corp.*, 461 F.3d 639, 645 (6th Cir. 2006).

According to the Sixth Circuit, there was no support for Defendants' interpretation of its plan. Plaintiff also overcame the arbitrary and capricious standard to achieve a remand. The final factor, thus, favors Plaintiff. *McKay*, 428 Fed. Appx. at 546; *Blajei v. Sedgwick Claims Mgt. Servs., Inc.*, 2010 WL 3855239, at *8 (E.D. Mich. Sept. 28, 2010).

Because all but the fourth factor favor an award of fees, Plaintiff's Motion for Attorney Fees is GRANTED. Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority (Doc. 58) is GRANTED as unopposed. The case that Plaintiff cites in its notice of supplemental authority addresses the amount of attorney fees to be awarded, not the propriety of granting fees, as is at issue here. As such, it is irrelevant. In accordance with this Court's Order of July 5, 2017, Plaintiff must file a supporting brief regarding the amount of fees that he seeks within 14 days of this Order.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/26/17