# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Bruce Corey, | ) | CASE NO. 1:15 CV 1736 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sedgwick Claims Management | ) | **Memorandum of Opinion and Order** |
| Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

In its Order of October 26, 2017, this Court found that Plaintiff was the prevailing party in this litigation and entitled to fees. Pending before the Court is Plaintiff's request for attorney's fees in the amount of $91,173.00 and costs in the amount of $1,176.00. Defendants oppose Plaintiff's fee request, arguing that a significant portion must be disallowed. Defendants do not oppose Plaintiff's request for costs. For the following reasons, the Court concludes that Plaintiff is entitled to $72,387.00 in fees and $1,176.00 in costs.

## ANALYSIS

Having already determined that Plaintiff is the prevailing party, the Court's next step is to

1

determine a reasonable fee. *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). The starting point for determining the amount of a reasonable fee is "the lodestar" calculation, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* Next, the court must exclude excessive, redundant, or otherwise unnecessary hours. *Id.* Finally, the court must consider whether the fee should be adjusted upward or downward based on "the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. This involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* If a court determines that fees must be adjusted downward because of this factor, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. The court "has discretion in making this equitable judgment." *Id.* at 437.

The party seeking fees has the burden of producing documentation of the hours and rates in the lodestar amount, but the party challenging the reasonableness of the requested fee has the burden of showing that an adjustment downward is necessary. *Myers v. Mutual of Omaha Life Ins. Co.*, 4: 14CV 2421 (N.D. Ohio August 23, 2017) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)).

**A. Hourly rate**

Defendants do not oppose the hourly rates requested by Plaintiffs: $400 per hour for attorney Andrew Margolius, and $300 per hour for attorney Emily Gilbert. In support of these rates, Plaintiff's counsel submitted their own declarations and resumes, examples of cases where

similar fees have been approved, and affidavits from attorneys in the Cleveland area opining that counsels' rates are reasonable in this region. This evidence shows that the requested rates are fair and typical of those in the area. The Court, therefore, finds that they are reasonable.

### B. Reasonableness of the hours expended

Plaintiff requests that his counsel be compensated for a total of 234.49 hours (208.26 hours for attorney Margolius and 26.23 hours for attorney Gilbert). Plaintiff has submitted itemized time and expense records for both attorneys. Defendants argue that a significant portion of these fees is unreasonable and must be excluded. The Court will address each of Defendants' arguments in turn.

#### 1. Hours expended on unsuccessful issues

First, Defendants assert that Plaintiff's request must be reduced by the number of hours that his counsel spent pursuing issues on which Plaintiff was ultimately unsuccessful. Specifically, they ask the Court to reduce the hours that counsel spent on amending the complaint, pursuing plaintiff's Motion for Limited Discovery, opposing Defendants' Motion to Dismiss, and filing Plaintiff's Notice of Supplemental Authority in support of his motion for attorneys fees, all of which were unsuccessful.

"[W]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Hensley*, 461 U.S. at 435. Thus, fees may not be awarded for work on unsuccessful claims that are unrelated to the ones on which the plaintiff succeeded. *Id.* When claims "involve a common core of facts" or are "based on related legal theories," however, the rejection of certain grounds is not a sufficient reason for reducing a fee. *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) (quoting *Hensley*, 461 U.S. at 435).

3

### a. Amending the complaint and opposing Defendants' Motion to Dismiss

The time that Plaintiff's counsel spent on amending the complaint and opposing Defendants' motion to dismiss was not related to the successful outcome in this case. Shortly after Plaintiff filed his initial complaint, defense counsel wrote to his counsel "in an effort to put the case in its proper position, cooperatively." (Doc. 62, at 4). Defense counsel pointed out that Sedgwick and Eaton, whom Plaintiff had named as defendants, were not proper defendants and that the Plan Administrator should be named as the defendant instead. They also explained why Plaintiff's breach of fiduciary duty and interference claims were without merit and that the only proper claims in the case were Plaintiff's claims for denial of benefits. (Doc. 62, Ex. A). Nevertheless, when Plaintiff filed his amended complaint, he continued to name Sedgwick and Eaton as defendants and to assert all of the claims he had asserted in the initial complaint. He added Count V, a denial of due process claim, as well. Defendants moved to dismiss all but Plaintiff's denial of benefits claims and to dismiss Eaton and Sedgwick as defendants.[1]

This Court granted Defendants' motion to dismiss in full, noting several times that Plaintiff had not cited any authority for several of the positions that he took in opposing the motion. Moreover, the Court's analysis did not involve the same core of facts or legal theories as the denial of benefits claims on which Plaintiff ultimately succeeded. Unlike the analysis of those claims, the motion to dismiss did not require this Court to analyze the administrative record to determine whether the Defendants' denial of benefits was arbitrary and capricious. Plaintiff did not appeal this Court's decision on the motion to dismiss. Because Plaintiff's efforts at amending the complaint and opposing the motion to dismiss were unsuccessful and unrelated

---

[1] They did not move to dismiss the Plan or Plan Administrator as defendants.

to the claims on which Plaintiff was successful, the Court will deduct the time counsel spent on these tasks: 12.285 hours for attorney Margolius and 5 hours for attorney Gilbert.[2]

### b. Motion for limited discovery

Similarly, the Court will deduct the time that Plaintiff's counsel spent on his unsuccessful motion for limited discovery.[3] Again, the Court's analysis of the motion for discovery was not dependent on the same core of facts or the same legal theories as the claims on which Plaintiff succeeded. Thus, the Court will deduct 5.535 hours from attorney's Margolius's fee request and 1.30 hours from attorney Gilbert's.

### c. Plaintiff's notice of supplemental authority

Attorney Margolius's time spent on his Notice of Supplemental Authority in support of Plaintiff's Motion for Attorneys Fees will also be deducted. Defendant moved to strike this notice as irrelevant, and Plaintiff did not oppose the motion. This Court struck the notice, noting that the case Plaintiff sought to bring to the Court's attention did not address the issue under review. The Court thus strikes .50 hours from attorney Margolius's fee request.

### 2. Hours expended on the appeal

Plaintiff seeks fees for 42.47 hours for briefing and oral argument preparation in connection with his appeal before the Sixth Circuit. Defendants argue that this amount is unreasonable because all of the issues on appeal were briefed in this Court initially. As support,

---

[2] The exclusion of this time is especially appropriate given that the result of the Court's ruling on the motion to dismiss was to put the case in the same position that Defendants asked Plaintiff to put the case in before he filed his amended complaint.

[3] Plaintiff did not appeal the denial of his motion for discovery.

5

it notes that Plaintiffs spent only 14 hours briefing the merits in this Court. It also cites a recent case where Eaton was the prevailing party in a case before the Sixth Circuit, *Farley v. Eaton Corp.*, 697 Fed. Appx. 450 (6th Cir. 2017). In that case, Eaton submitted reimbursement for over 250 hours for its work on the appeal. The court held that this request was unreasonable and reduced it by approximately 50%, explaining that the appeal "consisted entirely of repeating the same arguments previously litigated" in the district court and "involved filing one brief and preparing for argument." *Id.* at 451.

Defendants have not met their burden of showing that the amount of fees that Plaintiff requests for the appeal is unreasonable. As Plaintiff acknowledges, "the arguments and briefing presented at the District Court were unpersuasive and unsuccessful. Counsel's efforts to enhance the arguments, conduct new research and present these arguments better, caused the expenditure of time....[C]ounsel here needed to ratchet up their efforts to be successful at the Sixth Circuit." (Doc. 63, at 6). Thus, the fact that counsel spent more time working on the appeal than they did on their brief before this Court is neither surprising nor unreasonable. Nor is Defendants' citation to *Farley* persuasive. While this case may be similar in that the appeal involved the same arguments litigated below, it differs in two key respects: Plaintiff filed two briefs with the Sixth Circuit and seeks fees for less than 1/5 of the amount of time than Eaton sought in *Farley*. For these reasons, the Court will not reduce the amount of fees that Plaintiff requests for counsels' work on the appellate portion of this case.

3. <u>Work related to the administrative process</u>

Defendants next ask the Court to exclude all fees related to the administrative claims process following this Court's order of remand. Plaintiff does not dispute that time spent on the

6

administrative claims process is not allowed. (Doc. 63, at 9). *See also Anderson v. Procter & Gamble, Co.*, 220 F.3d 449, 456 (6th Cir. 2000) ("ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding."). Yet, Plaintiff argues that he should be allowed to recover the time counsel spent on the claims process on remand because the time involved counsels' efforts to "insur[e] a fair remedy process was not unreasonable....The five hours spent in this regard, in identifying the remedy and procedures upon remand, are not unreasonable and do relate to the litigation itself." (Doc. 63, at 9). Plaintiff has not demonstrated that the time counsel spent on the administrative procedures on remand was related to the litigation; his conclusory statement that it was is insufficient. Thus, the Court will deduct 4.80 hours from attorney Margolius's time.

4. Plaintiff's motion for attorneys fees

Finally, Defendants argue that Plaintiff's request for 35.27 hours in filing his motion for attorneys' fees is excessive. Defendants note that Plaintiff's counsel spent more time on the fee motion than they did on their briefs in this Court and the Sixth Circuit combined. They also point out that in a recent ERISA case in this district, Plaintiff's counsel spent only 15.86 hours pursuing attorneys' fees. *Myers v. Mutual of Omaha Life Ins. Co.*, 4: 14CV 2421, at 7-8 (N.D. Ohio August 23, 2017).

The Court agrees that the amount of time Plaintiff's counsel expended on filing the motion for fees is unreasonable. There is no reason why counsel should have had to spend more than twice as much time filing the fee motion in this case as they did in *Myers* when the two cases involved virtually identical issues. The Court, therefore, will reduce counsels' fees for this

portion of the case to 15.86 hours, the amount of time counsel requested in *Myers*.[4]

Defendants argue that Plaintiff's request should be further reduced by the hours incurred in response to the Court's order that Plaintiff submit evidence that his fees are reasonable. In *Myers*, the court reduced counsel's time because they did not submit this evidence along with their motion for fees. *See id.* at 8 (reducing attorney Margolius's time by 5.83 hours and attorney Gilbert's time by 1.99 hours). Here, however, this Court granted Plaintiff leave to file his documentation separately from his motion for fees, so this is not a basis for reduction.

**C. Lodestar Calculation**

Taking into account the above changes, the adjusted lodestar is:

Attorney Margolius:

| | |
|---:|---|
| **208.26** | **Total hours before reductions** |
| -12.285 | work related to amended complaint and Defendants' motion to dismiss |
| -5.535 | work related to Plaintiff's motion for discovery |
| -.50 | work related to Plaintiff's supplemental notice |
| -4.80 | work related to administrative process |

---

[4] 14.92 of these hours are attributable to attorney Margolius, and .94 hours are attributable to attorney Gilbert. These amounts are proportional to the amount of time that they spent on tasks related to the motion for fees.

8

| | |
|---:|---|
| -18.25 | work related to fees |
| **166.89** | **Total hours** |
| **166.89 x $400 per hour** | **$66,756.00 in reasonable fees** |

Attorney Gilbert

| | |
|---:|---|
| **26.23** | **Total hours before reductions** |
| -5.0 | work related to amended complaint and Defendants' motion to dismiss |
| -1.3 | work related to Plaintiff's motion for discovery |
| -1.16 | work related to fees |
| **18.77** | **Total hours** |
| **18.77 x $300 per hour** | **$5,631.00 in reasonable fees** |

In total, Plaintiff has incurred $72,387.00 in reasonable fees.

**CONCLUSION**

For the foregoing reasons, Plaintiff is entitled to $72,387 in fees and $1,176 in costs.

IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                               PATRICIA A. GAUGHAN
                               United States District Court
                               Chief Judge

Dated: 1/18/18